UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN DEWAYNE HUGHES,

    Petitioner,                                      Civil No. 2:12-CV-11385
                                                            HONORABLE ARTHUR J. TARNOW

v.

ROBERT NAPELS,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      Marvin Dewayne Hughes, ("petitioner"), presently confined at the Marquette Branch Prison in Marquette, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his application, filed *pro se,* petitioner claims that the Michigan Department of Corrections (M.D.O.C.) continues to hold him in custody on a sentence for possession of a firearm in the commission of a felony [felony firearm] that petitioner claims has expired. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

## I. Background

      On January 13, 1986, petitioner pleaded guilty to two counts of armed robbery and one count of felony firearm in the Oakland County Circuit Court. On February 4, 1986, petitioner was sentenced to twenty to sixty years in prison on the armed robbery convictions and two years on the felony firearm conviction.

*Hughes v. Napels,* U.S.D.C. 2:12-CV-11385

Petitioner claims that the start date for the two year sentence for the felony-firearm conviction began on February 4, 1986, the date of sentencing, and that the sentence for this offense should have been completed on February 4, 1988. Petitioner also appears to argue that the felony firearm sentence was to be served concurrently with the armed robbery sentences.

Petitioner has learned from M.D.O.C. officials that the maximum terms for the sentences on his armed robbery convictions had been added to the two year maximum sentence on the felony firearm conviction. As a result, the M.D.O.C. considers petitioner's sentence on the felony firearm conviction to remain "active." Petitioner claims that as a matter of law, he has a legitimate expectation that the two year sentence on the felony firearm conviction would have terminated on February 4, 1988, two years after its imposition. Petitioner contends that the M.D.O.C. has violated the Double Jeopardy and Due Process Clauses of the United States Constitution by refusing to comply with Michigan law and terminate petitioner's felony firearm sentence. By his own admission, petitioner has not exhausted his claims with the state courts, claiming that he does not have a remedy to present these claims to the state courts.

## II. Discussion

The petition for writ of habeas corpus must be dismissed, because petitioner has failed to exhaust his state court remedies.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v.*

2

*Hughes v. Napels,* U.S.D.C. 2:12-CV-11385

*Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The mere fact that petitioner is attempting to challenge his conviction under 28 U.S.C. § 2241 does not excuse him from the exhaustion requirement. *See e.g. Collins v. Million,* 121 Fed. Appx. 628, 630 (6th Cir. 2005). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

     A claim by a state prisoner that he or she is being held after the expiration of his or her sentence is not cognizable in federal habeas review, where the claim was not raised as a federal constitutional issue before the state courts. *See Beach v. Mohr,* 27 Fed. Appx. 266, 268 (6th Cir. 2001).

*Hughes v. Napels,* U.S.D.C. 2:12-CV-11385

A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). The instant petition is subject to dismissal, because petitioner has failed to allege or indicate in his petition that he has exhausted his state court remedies with respect to his claims. *See Peralta v. Leavitt,* 56 Fed. Appx. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981). Petitioner, in fact, acknowledges on the face of his petition that he did not exhaust his claims prior to seeking habeas relief. Petitioner, however, claims that he does not have a state court remedy with which to exhaust his claims with the state courts.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *See Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999). The exhaustion doctrine, in the context of habeas cases, thus turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003).

*Hughes v. Napels,* U.S.D.C. 2:12-CV-11385

Although M.C.L.A. 600.4310 indicates that a prisoner in Michigan cannot use a state petition for writ of habeas corpus as a substitute for an appeal to challenge his or her conviction or sentence, a prisoner in Michigan may file a state petition for writ of habeas corpus to raise a claim that the Michigan Department of Corrections does not have authority to continue his or her incarceration because he or she has completed his or her prison sentence. *See Cross v. Department of Corrections,* 103 Mich. App. 409, 414-15; 303 N.W. 2d 218 (1981).  Prisoners have also been permitted to maintain a state habeas action to claim that they have been held beyond the legal limit of their sentences. *See Ryan v. Department of Corrections,* 259 Mich. App. 26, 29; 672 N.W. 2d 535 (2003).

M.C.R. 3.303 (A)(2) states that a habeas action must be brought in the county where the prisoner is detained.  Although orders of denial in a state habeas corpus proceeding in Michigan are not appealable by right, these orders may be reviewed by filing an original complaint for a writ of habeas corpus in the Michigan Court of Appeals. *See Triplett v. Deputy Warden,* 142 Mich. App. 774, 779-80; 371 N. W. 2d 862 (1985). There is no limitation on the time in which a complaint for a writ of habeas corpus may be filed, so long as the prisoner is in custody at the time that the judgment becomes effective. *Id.* at 779.  Denial of this petition by the Michigan Court of Appeals is reviewable by the Michigan Supreme Court by filing an application for leave to appeal. M.C.R. 7.301 (A)(2); M.C.R. 7.302.

Petitioner has an available remedy to exhaust in the state courts his claims that the M.D.O.C. is still holding him in custody on an expired sentence.  Petitioner is not

5

*Hughes v. Napels,* U.S.D.C. 2:12-CV-11385

challenging his conviction or sentence, but instead challenges the authority of respondent to continue his incarceration in light of his allegation that his felony firearm sentence has expired. Petitioner is challenging the legality of his detention, thus, the state habeas corpus procedures are fully available to him, notwithstanding M.C.L.A. 600.4310. *See Caley v. Hudson*, 759 F. Supp. 378, 381 (E.D. Mich. 1991). Because petitioner has available to him a state remedy in the form of a state habeas corpus action, and because petitioner has failed to exhaust such remedy, petitioner's habeas application is subject to dismissal. *Id.*

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny petitioner a certificate of appealability. A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [1] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court

---

[1] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

*Hughes v. Napels,* U.S.D.C. 2:12-CV-11385

denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* [2]

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to his claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F.

---

[2] The Court recognizes that petitioner brought his habeas corpus petition under 28 U.S.C. § 2241. However, a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability before appealing a federal district court's denial of his habeas petition. *See Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369 (6th Cir. 2001).

*Hughes v. Napels,* U.S.D.C. 2:12-CV-11385

3d 1113, 1115 (5th Cir. 1997)).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. (Dkt. # 1).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.   IT IS FURTHER ORDERED that petitioner will be granted leave to appeal *in forma pauperis.*

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: May 4, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on May 4, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary