**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARVIN DEWAYNE HUGHES,

Petitioner,

v.

ROBERT NAPELS,

Respondent,
______________________________/

Civil No. 2:12-CV-11385
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING THE MOTION TO ALTER OR AMEND JUDGMENT [Dkt. No. 5] AND DENYING THE MOTIONS TO RULE ON THE MOTION TO ALTER OR AMEND JUDGMENT [Dkt. Nos. 6, 7, 8] AS MOOT**

On May 4, 2012, this Court summarily dismissed without prejudice petitioners' habeas application, on the ground that petitioner failed to exhaust his state court remedies regarding his claim that his sentence had expired. *Hughes v. Napels,* No. 2:12-CV-11385; 2012 WL 1570866 (E.D. Mich. May 4, 2012). Petitioner has now filed a motion to alter or to amend judgment, as well as three motions in which he asks the Court to rule on his motion to alter or amend judgment. For the reasons that follow, the Court will deny the motion to alter or amend judgment. The Court will deny the motions to rule on the motion to alter or amend judgment as moot.

A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004)(citing L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Id.*

In his habeas petition, petitioner alleged that the Michigan Department of Corrections (M.D.O.C.) continues to hold him in custody on a sentence for possession of a firearm in the commission of a felony that petitioner claims has expired. This Court dismissed the petition, because petitioner had yet to present his claims to the state courts. This Court further concluded that petitioner had an available state court remedy to exhaust his claim because a prisoner in Michigan may file a state petition for writ of habeas corpus to raise a claim that the Michigan Department of Corrections does not have authority to continue his or her incarceration because he or she has completed his or her prison sentence or that he or she is being held beyond the legal limit of his or her sentence. *See Hughes,* 2012 WL 1570866, at * 2-3 (citing *Cross v. Department of Corrections,* 103 Mich. App. 409, 414-15; 303 N.W. 2d 218 (1981); *Ryan v. Department of Corrections,* 259 Mich. App. 26, 29; 672 N.W. 2d 535 (2003)).

In his motion to alter or amend judgment, petitioner argues that he should be excused from exhausting his claim because he argues that "state postdeprivation remedies" do not apply to his claim. This Court already determined in its original

opinion and order of summary dismissal that petitioner has an available remedy with which to exhaust his claim. Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed petitioner's application for writ of habeas corpus on the ground that petitioner had failed to exhaust his state court remedies. *See Hence v. Smith,* 49 F. Supp. 2d at 553.

In his motion to alter or amend judgment, petitioner also claims that it would be futile to exhaust his claims because the courts in Michigan are refusing to waive the initial partial filing fee for civil actions for indigent prisoners. Petitioner, however, does not allege that he has attempted to file a petition for writ of habeas corpus with the state trial or appellate courts. Petitioner's actual failure to pursue his claims in state court "disqualifies [his] case from consideration under the narrow exception[to the exhaustion requirement]". *See Dillon v. Hutchinson,* 82 Fed.Appx. 459, 462 (6th Cir. 2003). The Court will deny petitioner's motion for reconsideration because he has failed to show the existence of a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction of the Court's earlier dismissal.

**IT IS HEREBY ORDERED** that the motion to alter or to amend judgment [Dkt. No. 5] is **DENIED.**

**IT IS FURTHER ORDERED** that the motions for rulings on the motion to alter or to amend judgment [Dkt. Nos. 6, 7, 8] are **DENIED AS MOOT**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 6, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 6, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary